UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYLER J. PARSONS,

       Plaintiff,

-against-

UNITED STATES OF AMERICA FEDERAL
GOVERNMENT (FL, IL, NY),

       Defendant.

19-CV-8828 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action against the united States of America, asserting that he was abducted and "humanly trafficked." By order dated October 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

  A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, using the Court's general complaint form and invoking the Court's federal-question jurisdiction, brings this action against the United States of America. Plaintiff, who is homeless, asserts that his rights were violated in his hometown of Winchester, Virginia, and in Florida, Illinois, and New York. The following is Plaintiff's statement of claim:

> At each place people were repediatly [sic] moved and replaced on camera avoiding me as I was being humanly trafficked and abducted from society as I know it. Under said situation they would surely be guilty of treason in mass as I was on camera attacked in Winchester, VA, attacked (in my hometown) by a mass of people after my family was removed, legally or illegally. The same thing happened to my mother about 20 yrs ago and her look alike was the only mother figure respondent since (explained statement in federal film irrelevant to said case) after she reported the IRS. If I am held for more than 72 hrs I must be told why.

(ECF No. 2, 5.) Plaintiff claims that multiple attempted murders have caused him severe stress and left him slightly paranoid, and that "100 to 200 thousand was lost through IRS situation being delayed due to corruption in the federal govt." (*Id*. at 6.) He seeks double compensation for the repeated crimes against him.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, this action must be dismissed as frivolous. Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 25, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge